UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
COVINGTON

| | |
|---|---|
| LAKEISHA Y. COMER, ) | |
| ) | |
| Plaintiff, ) | Civil Action No. 2:20-cv-00084-GFVT |
| ) | |
| v. ) | |
| ) | |
| TRANSIT AUTHORITY OF NORTHERN ) | **MEMORANDUM OPINION** |
| KENTUCKY, *et al.*, ) | **AND ORDER** |
| ) | |
| Defendants. ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Plaintiff Lakeisha Y. Comer is a resident of Covington, Kentucky. Proceeding without an attorney, Comer has filed a lawsuit against her former employer, the Transit Authority of Northern Kentucky, CEO Sean O'Leary, and Instructor Glenn Reed. [R. 1.] Comer has also filed a motion for leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. [R. 5.] The financial information contained in Comer's fee motion indicates that she lacks sufficient assets or income to pay the $350.00 filing fee. The Court will therefore grant her motion to proceed *in forma pauperis*.

This matter is before the Court to conduct the initial screening required by 28 U.S.C. §§ 1915(e)(2). A district court must dismiss any claim that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *McGore v. Wrigglesworth*, 114 F.3d 601, 607-08 (6th Cir. 1997), abrogated on other grounds, *Jones v. Bock*, 549 U.S. 199 (2007). A complaint must set forth claims in a clear and concise manner, and must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678

(2009); *Hill v. Lappin*, 630 F.3d 468, 470 (6th Cir. 2010). *See also* Fed. R. Civ. P. 8. "[T]he pleading standard Rule 8 announces does not require detailed factual allegations, but it demands more than an unadorned the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (internal quotation marks and citation omitted).

The Court evaluates Comer's complaint under a more lenient standard because she is not represented by an attorney. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Burton v. Jones*, 321 F.3d 569, 573 (6th Cir. 2003). At this stage, the Court accepts the plaintiff's factual allegations as true, and her legal claims are liberally construed in her favor. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007). However, while the Court construes *pro se* pleadings with some leniency, "liberal construction does not require a court to conjure allegations on a litigant's behalf." *Martin v. Overton*, 391 F.3d 710, 714 (6th Cir. 2004) (quoting *Erwin v. Edwards*, 22 F. App'x 579, 580 (6th Cir. 2001)).

Comer's complaint alleges that while she was employed at the Transit Authority of Northern Kentucky, she complained to Human Relations and a close friend of hers that Defendant Reed made sexually aggressive actions towards her and it made her feel uneasy. [R. 1.] She then alleges that, on May 7, 2019, she was in a classroom alone with Reed when Reed walked in front of her, grabbed his penis and told her that she knew what she needed to do to keep her job. *Id*. She states that Reed left the room, then came back a short time later with O'Leary and then "he" said that she had to leave (it is unclear if she is referring to Reed or O'Leary). *Id*. She claims that she asked why, and he said to get her stuff and get out. *Id*. She states that she again asked why, and he said, "You talked to someone about this." *Id*. She does not specify any particular constitutional or statutory basis for her lawsuit, but her complaint is

labeled: "Sexual Discrimination." *Id.* She seeks $100,000,000.00 in damages for lost wages and mental and emotional damages. *Id.*

However, the Court has reviewed Comer's complaint and concludes that it must be dismissed on initial screening as untimely. The Court may dismiss a claim plainly barred by the applicable limitations period upon initial screening. *Jones v. Bock*, 549 U.S. 199, 215 (2007) ("If the allegations, for example, show that relief is barred by the applicable statute of limitations, the complaint is subject to dismissal for failure to state a claim."); *Franklin v. Fisher*, 2017 WL 4404624, at *2 (6th Cir. 2017) ("The district court properly dismissed Franklin's complaint for failure to state a claim upon which relief may be granted because it is obvious from the face of her complaint that almost all of her claims are barred by the applicable statute of limitations."); *Castillo v. Grogan*, 52 F. App'x 750, 751 (6th Cir. 2002) ("When a meritorious affirmative defense based upon the applicable statute of limitations is obvious from the face of the complaint, sua sponte dismissal of the complaint as frivolous is appropriate.").

Although Comer does not identify the legal basis for her claim, Title VII of the Civil Rights Act, codified at 42 U.S.C. § 2000e, *et seq.*, prohibits disparate treatment, harassment, and the creation of a hostile work environment. In addition, Comer attaches to her complaint the Charge of Discrimination that she filed with the EEOC and the Kentucky Commission on Human Rights in which she specifies that she believes she was discriminated against because of her sex and retaliated against for engaging in a protected activity, all in violation of Title VII. [R. 1 at 3.] Thus, the Court will construe her complaint broadly as asserting a claim under Title VII.

Before an aggrieved employee may file suit under the provisions of Title VII, he or she must first satisfy the two prerequisites to bringing a federal action "(1) by filing timely charges

3

of employment discrimination with the EEOC, and (2) receiving and acting upon the EEOC's statutory notice of the right to sue." *Puckett v. Tennessee Eastman Co.*, 889 F.2d 1481, 1486 (6th Cir. 1989) (citing 42 U.S.C. § 2000e–5(f)(1); *McDonnell–Douglas Corp. v. Green,* 411 U.S. 792, 798, 93 S.Ct. 1817, 1822, 36 L.Ed.2d 668 (1973)). Pursuant to 42 U.S.C. § 2000e-5(e)(1), a Title VII charge

> shall be filed within one hundred and eighty days after the alleged unlawful employment practice occurred…, except that in a case of an unlawful employment practice with respect to which the person aggrieved has initially instituted proceedings with a State or local agency with authority to grant or seek relief from such practice or to institute criminal proceedings with respect thereto upon receiving notice thereof, such charge shall be filed by or on behalf of the person aggrieved within three hundred days after the alleged unlawful employment practice occurred…

42 U.S.C. § 2000e-5(e)(1).

"Kentucky is a "deferral" state so that the 300-day filing limitation is applicable if the aggrieved person initially institutes proceedings with the appropriate state agency." *Jones v. AIRCO Carbide Chem. Co.*, 691 F.2d 1200, 1201 (6th Cir. 1982). *See also Burnett v. Transit Auth. of Lexington-Fayette Urban Cty. Gov't*, 981 F. Supp. 2d 630, 633 (E.D. Ky. 2013), *aff'd* (July 10, 2014). Even so, the use of the term "shall" in 42 U.S.C. § 2000e-5(e)(1) "makes the act of filing a charge within the specified time period mandatory." *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 109 (2002) (citations omitted). "The requirement, therefore, that the charge be filed 'after' the practice 'occurred' tells us that a litigant has up to 180 or 300 days *after* the unlawful practice happened to file a charge with the EEOC." *Id*. at 109-110 (emphasis in original).

The last event alleged in Comer's complaint giving rise to her claim occurred on May 7, 2019, the last date that she alleges that Reed harassed her and that she was fired. Thus, at the very latest, she was required to file her EEOC complaint on or before March 2, 2020, 300 days

4

after the events complained of. According to the documentation submitted by Comer, she filed her charge of discrimination with the Kentucky Commission on Human Rights and with the EEOC simultaneously on March 9, 2020. [R. 1 at 3-7.][1] Thus, she filed her charge with the EEOC after the 300-day deadline for doing so had expired. Indeed, the EEOC issued a Dismissal and Notice of Rights with respect to Comer's complaint on March 10, 2020, notifying her that it was closing the file on her charge because it was not timely filed. *Id*. at 7.

"While the statute-of-limitations is an affirmative defense, when the face of the complaint shows that an action is time barred, the case may be dismissed summarily upon screening." *Neal v. Krogers*, 2020 WL 1033547, at *2 (W.D. Ky. Mar. 3, 2020) (citations omitted). Because it is clear from the face of the complaint and the documents submitted by Comer in support of her complaint that her claim is untimely, her complaint will be dismissed.

Accordingly, the Court hereby **ORDERS** as follows:

1. Comer's motion to proceed in forma pauperis [R. 5] is **GRANTED** and payment of the filing and administrative fees is **WAIVED**.

2. Comer's complaint [R. 1] is **DISMISSED**.

3. Any pending requests for relief are **DENIED AS MOOT**.

4. **JUDGMENT** shall be entered contemporaneously with this Order.

5. This action is **STRICKEN** from the Court's docket.

This the 6th day of July, 2020.

---

[1] Although the sufficiency of the complaint is generally tested with reference only to the face of the complaint itself, *Burns v. United States*, 542 F. App'x 461, 466 (6th Cir. 2013), the Court may consider a document attached to the complaint in determining whether dismissal is proper. *Cates v. Crystal Clear Techs., LLC,* 874 F.3d 530, 536 (6th Cir. 2017) (citations omitted).

Gregory F. Van Tatenhove
United States District Judge

6